# In the United States Court of Federal Claims

Nos. 19-756L & 19-875L
**CONSOLIDATED**
(Filed: September 27, 2021)

|  |  |
|---|---|
| ALBERTSON, et al., | ) ) ) |
| Plaintiffs, | ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) ) |

## ORDER DENYING MOTION TO QUASH

According to correspondence with the court dated September 13, 2021, the court understood that plaintiffs and non-party TerraPact and Omega Rail Management were engaged in discussions that would resolve TerraPact's pending motion to quash, ECF No. 34, without intervention by the court. On September 20, 2021, the court ordered TerraPact to file by September 24, 2021 either (1) a status report updating the court on its discussions with plaintiffs regarding its pending motion to quash or (2) a reply in support of its motion to quash, if court intervention was required. Order, ECF No. 38. A review of court records indicates that TerraPact did not comply with this deadline.

Upon consideration of the motion to quash, it is **ORDERED** that the motion to quash be **DENIED**. TerraPact has not met its burden of demonstrating that the July 13, 2021 subpoena duces tecum issued by plaintiffs violates Rule 45 of the Rules of the United States Court of Federal Claims (RCFC) or imposes an "undue burden" on TerraPact. *Birdbear v. United States*, No. 16-75L, 2017 WL 2871592, at *2 (Fed. Cl. July 5, 2017) (citing *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987)); *JZ Buckingham Invs. LLC v. United States*, 78 Fed. Cl. 15, 25 (2007); RCFC 45(d)(3)(A)(iv). The 100-mile geographical limitation of RCFC 45(c)(2)(A) is not implicated here, where plaintiffs have consented to electronic production of the requested documents, to receive production through counsels' office, or to travel to receive production. *See, e.g.*, *CresCom Bank v. Terry*, 269 F. Supp. 3d 708, 713 (D.S.C. 2017) (reviewing cases); Resp. at 7-8, ECF No. 36. The information requested by the subpoena is particular and narrow, relevant to the subject rail line, and targets issues that the court ordered the parties to address in their forthcoming summary judgment motions, and TerraPact has not provided "specific and compelling proof" that the subpoena is unduly burdensome. *JZ Buckingham*, 78 Fed. Cl. at 25 (setting forth balancing factors); *see* Order, ECF No. 33. Although contending that the subpoena must be quashed under

RCFC 45(d)(3)(B)(i) because it requires the disclosure of proprietary information, Mot. at 6, ECF No. 34, TerraPact has not demonstrated the harm that it would suffer from the disclosure of this information, and plaintiffs have indicated that they are willing to consent to a protective order, Resp. at 11-12. TerraPact's request for costs, Mot. at 6, is **DENIED**. Plaintiffs' request for fees and costs, Resp. at 12-13, is also **DENIED.**

Accordingly, TerraPact is **ORDERED** to comply with the plaintiffs' subpoena duces tecum by **September 29, 2021**, if it has not already done so through its discussions with plaintiffs regarding the motion to quash. The stay of summary judgment briefing, ECF No. 35, is now **LIFTED**. The parties in these consolidated cases shall by **September 29, 2021** file a joint status report proposing an amended summary judgment briefing schedule. Plaintiffs shall indicate in the joint status report whether an agreed-upon protective order regarding any information produced by TerraPact will be filed.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge